# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.  No. CR 96-255 BB

JOSEPH R. MARTIN, JR.,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING DISMISSAL

THIS MATTER is before the Court on the Government's Motion to Dismiss without prejudice. Largely because of the complex procedural history revolving around the attempt to resolve Defendant's competency to stand trial, the Court must conclude there has been a violation of the Speedy Trial Act, 18 U.S.C. § 3161, and the case will be dismissed without prejudice.

## Discussion

### Facts

Defendant, Joseph R. Martin, Jr., was indicted on May 9, 1996, and charged with threatening to assault and murder Congressman Steve Schiff. Defendant was transferred out of state and into federal custody on June 3, 1996. Counsel from the

Federal Public Defender's office was appointed on June 10, 1996. On June 13, Defendant unhappy with his public defender, requested and received substitute counsel. Defendant's second attorney entered an appearance on June 13. Jury trial was scheduled for August 5, 1996.

On July 19, defense counsel filed the first motion for a psychiatric examination. Based on the report of the Bureau of Prisons personnel and oral argument, Defendant was found incompetent to stand trial on September 27, 1996. A second report was filed and Defendant's commitment was extended on February 25, 1997. After further evaluation and a hearing, Defendant was found competent to stand trial on June 13, 1997, and trial was scheduled for August 4, 1997.

In the meantime, defense counsel, apparently over Defendant's objection, filed a notice of intent to rely on an insanity defense. A June 16 psychiatric report led to another evaluation commitment on July 21, 1997. Negative reports led to another treatment commitment to the Bureau of Prisons facility at Springfield, Missouri, on October 8, 1997. That commitment was extended on February 4, 1998. Further evaluations and another hearing resulted in a further commitment for treatment on July 14, 1998.

Based on a further medical evaluation, another competency hearing was set for August 16, 1999, at which time Defendant's counsel was permitted to withdraw and

a third attorney was appointed. Defendant's third counsel filed several motions and the Government responded. New counsel also requested and was granted permission for a local psychiatric examination which, after a hearing, resulted in a finding of competency and yet another trial setting for February 7, 2000. Both defense counsel and the Government then filed for dismissal under 18 U.S.C. § 3161.

**Law**

Time for the evaluation and treatment of Defendant on competency grounds is normally excludable from the Speedy Trial Act requirements of 18 U.S.C. § 3161. *United States v. Noone*, 913 F.2d 20 (1st Cir. 1990), *cert. denied*, 500 U.S. 906 (1991). And this time may be calculated from the time the issue is first raised in any fashion by counsel. *United States v. Broadwater*, 151 F.3d 1359 (11th Cir. 1998), *cert. denied*, 67 USLW 3436 (1999). Based on this precedent, the entire period after Defendant's first motion for a psychiatric examination on July 19, 1996, until the Court's order holding Defendant competent on January 11, 2000, is excludable, with the exception of June 12 through July 21, 1997. *United States v. Fuller*, 86 F.3d 105 (7th Cir. 1996). Thirty-six days elapsed between his arrest and Defendant's first motion for a competency evaluation. Another thirty-nine days elapsed after Defendant was found competent on June 12 until he was reevaluated and recommitted on July 21, 1997. While the period

following receipt of the June 16, 1997, mental evaluation could be questioned, *see United States v. Crosby*, 713 F.2d 1066 (5th Cir.), *cert. denied*, 464 us 1001 (1983), counsel and the Court are agreed a literal reading of the Speedy Trial Act dictates dismissal of the case. *But see United States v. Cameron*, 510 F. Supp. 645 (D. Md. 1981) (refusing to dismiss as futile where, as here, Government indicates reindictment will follow).

The question then becomes whether dismissal should be with, or without, prejudice. On a practical level, this is a difficult issue. Defendant has already served more time in custody than he is likely to receive if he had been found guilty of the charged offense. And except for his obsession with government persecution, he generally appears benign. On the other hand, some of Defendant's statements in the various hearings make the Court reluctant to release him back to live in his van where two guns were found.

Consideration of the required legal factors, however, clearly dictates the dismissal be without prejudice. The charge, threatening a federal official with assault and death, is obviously serious. (Since Defendant states he has repeatedly called various congressional offices, the fact Congressman Schiff died while this case was pending only slightly lessens the severity of the charge.) Since all but one of Defendant's psychiatric

4

evaluations were the result of defense counsel's efforts, it can hardly be said the delay was the result of prosecutorial bad faith.  Rather, Defendant's wavering between competency and incompetency, by a thin margin on either side, has made this a difficult case for all counsel and the Court.  Finally, although Defendant has repeatedly demanded an investigation of a government plot to persecute him, allegedly deriving from an ancient child support obligation in Massachusetts, the case will likely turn on recorded calls by Defendant to the Congressman's office.  Little prejudice, if any, therefore resulted from the delay.  *See United States v. Pierce*, 17 F.3d 146 (6th Cir. 1994).  Nor is dismissal with prejudice necessary to ensure future compliance with 18 U.S.C. § 3161.  *See United States v. Maloy*, 835 F. Supp. 1373 (M.D. Fla. 1993).  All of these legal factors therefore militate against a dismissal with prejudice.

Now, therefore,

**IT IS ORDERED** that the Indictment against Joseph R. Martin, Jr., is hereby **DISMISSED** without prejudice

Dated at Albuquerque this 2d day of February, 2000.

                                            **BRUCE D. BLACK**
                                            United States District Judge

Counsel for the Government:

    Robert W. Kimball, Assistant U.S. Attorney, Albuquerque, NM

Counsel for Defendant:

    Jacquelyn Robins, Albuquerque, NM